POTTER *v.* VETOR.

1. COURTS—PRECEDENTS—CONSTRUCTION OF STATUTES.
    Cases from other States construing dissimilar statutes are not useful in construing statute under consideration.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Courts §§ 72, 86.
[2, 3] 50 Am Jur, Statutes § 225.
[4] 58 Am Jur, Workmen's Compensation § 63.

2. STATUTES — CONSTRUCTION — WORKMEN'S COMPENSATION — EM-
PLOYEE'S RECOVERY FROM THIRD-PARTY TORT-FEASOR — REIMBURSE-
MENT OF EMPLOYER — EXPENSES.

> Statute providing that when an injured employee, to whom his
> employer has paid and is paying workmen's compensation, shall
> sue a third-party tort-feasor, recovery after deducting ex-
> penses thereof, shall first reimburse the employer or its work-
> men's compensation insurance carrier but that the expenses
> of recovery shall be reasonable expenditures, including attorney
> fees incurred in effecting such recovery, and shall be ap-
> portioned by the court between the parties as their interests
> appear at the time of recovery is unambiguous (CLS 1956,
> § 413.15).

3. SAME—CONSTRUCTION.

> Plain, unambiguous language in a statute leaves no room for
> judicial construction and must be given effect according to
> the plain meaning of the words.

4. WORKMEN'S COMPENSATION—RECOVERY FROM THIRD-PARTY TORT-
FEASOR—APPORTIONMENT OF EXPENSES.

> An employer, whose injured employee sues third-party tort-
> feasor and recovers a compromise settlement, is entitled to
> reimbursement for workmen's compensation benefits paid and
> for surgical and medical expenses less its proportionate share
> of the expenses of recovery (CLS 1956, § 413.15).

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted January 6, 1959. (Docket No. 7, Calendar
No. 47,751.) Decided February 19, 1959.

Case by Robert Potter against Andrew F. Vetor
and Edwin Ryan, doing business as Ryan & Vetor
Building & Maintenance Company, for injuries
suffered when struck by falling scaffold. Consent
settlement judgment entered. Michigan State Acci-
dent Fund intervened to secure reimbursement of
sums paid on workmen's compensation. Order dis-
tributing funds made no provision for expense in-
curred in negligence action. Plaintiff appeals.
Reversed and remanded for entry of order allocating
expense of recovery.

*Bernstein & Bernstein (Edwin S. Moag,* of counsel), for plaintiff.

*Carl F. Davidson (Jack R. Sullivan,* of counsel), for intervening plaintiff.

Kelly, J.  Plaintiff, while employed as a plasterer by one Michael Santoro, at a hospital in Royal Oak, was injured when he was struck by falling scaffold planks which defendants were using in cleaning the outside of the hospital building.  Santoro's workmen's compensation carrier (Michigan State Accident Fund) paid $2,952.78 to plaintiff as compensation benefits, surgical and medical expenses.  Subsequently plaintiff instituted a lawsuit in Macomb county circuit court.  The employer's compensation carrier supplied plaintiff's attorneys the results of its investigation and medical reports.  A settlement of $9,500 was agreed upon in the law action, and judgment entered therefor.  The carrier did not participate in the lawsuit, nor in the negotiations between plaintiff and the third party, defendants' counsel.

Plaintiff insisted that the carrier bear its proportionate share of expenses and attorneys' fees in the circuit court action.  The carrier filed a motion to intervene and when plaintiff's objection was overruled, plaintiff filed a petition requesting an order from the court deducting $783.10 from the carrier's recovery.

The trial court held that the carrier should recover the full amount of its payments, without being required to pay part of the expenses incurred by plaintiff in his circuit court law action.  Plaintiff appeals.

The question presented has not been previously before this Court and our interpretation of Act No 155, as passed by the 1952 legislature (CLS 1956, § 413.15 [Stat Ann 1957 Cum Supp § 17.189]), will

determine our decision in this appeal. That part of said legislative enactment in dispute is as follows:

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.

"Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery.

"Compensation benefits referred to in this section shall in each instance include but not be limited to all expenses incurred under sections 4 and 8 of part 2 of this act, being sections 412.4 and 412.8 of the Compiled Laws of 1948."

Appellant and appellee cite cases involving the New York statute, the New Jersey statute, and the longshoremen's and harbor workers' compensation act (33 USCA, § 933), but all of these are so dissimilar to the Michigan statute that they do not assist in interpreting the section here involved.

The statute in question in unambiguous language provides that "expenses of recovery shall be the reasonable expenditures, including attorney fees, in-

curred in effecting such recovery," and that these expenses of recovery "shall be apportioned by the court between the parties as their interests appear at the time of said recovery."

Who were the parties at the time of recovery? There can be but one answer: namely, plaintiff and the insurance carrier.

In *In re Gay's Estate,* 310 Mich 226, 230, we said:

"Plain, unambiguous language in a statute leaves no room for judicial construction and must be given effect according to the plain meaning of the words."

Applying this principle, we find that the trial court erred in ruling that the carrier should recover the full amount of its payment without sharing its proportionate part of the expenses incurred in the circuit court action.

Remanded, with instructions to enter order directing the Macomb county clerk to reimburse the Michigan State Accident Fund for the sums paid as compensation benefits and surgical and medical expenses, less its proportionate share of the expenses of recovery.

Reversed and remanded. Costs to appellant.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.