HARTFORD ACCIDENT & INDEMNITY COMPANY *v.* NORRIS.

RELEASE—GENERAL RELEASE—AUTOMOBILE ACCIDENT—REFORMATION
OF INSTRUMENTS.

> General release, given for $62.50, of liability for damages, aris-
> ing from automobile accident, is reformed to release for prop-
> erty damage only, where there was no consideration given to
> release of liability for workmen's compensation for death of
> employee of owner of semitrailer equipment who had been
> killed in the accident, the case being controlled by *Denton*
> v. *Utley*, 350 Mich 332.

Appeal from Oceana; Pugsley (Earl C.) and Van
Domelen (Harold), JJ. Submitted April 6, 1961.
(Docket No. 24, Calendar No. 48,655.) Decided June
28, 1961.

Bill by Hartford Accident & Indemnity Company,
a Connecticut corporation, against William H. Nor-
ris, Frances E. Kovach, and Kate Norris to reform
a release in order to permit suit on subrogation for
payments under workmen's compensation. Decree
for plaintiff. Defendants appeal. Affirmed.

*Mitts, Smith, Haughey & Packard,* for plaintiff.

*Warner, Norcross & Judd (J. M. Neath, Jr.,* of
counsel), for defendants.

PER CURIAM. This is a bill of complaint to reform
a release given for $62.50. A collision between an

---

automobile driven by Frances E. Kovach, allegedly owned by William H. Norris, and a semitrailer owned by Wagoner Transportation Company, Inc., driven by Gerald A. Hardin, resulted in Hardin's death and other loss. There was a settlement of the suit at law by the administratrix of Hardin's estate against Kovach and Norris, in which Wagoner, among others, joined, and, concurrently, releases were given by all plaintiffs to all defendants. One year later, Hartford Accident & Indemnity Company, workmen's compensation insurer for Wagoner, filed suit against Norris as third-party owner of the automobile involved. Upon motion to dismiss, all proceedings were held in abeyance pending the filing and disposition of proceedings in chancery by plaintiff to set aside or reform the said general release given by Wagoner to defendants. In the subsequent chancery suit brought for reformation, it was held by the trial chancellor, that "the matter of workmen's compensation, and payments which have been made therefor by the plaintiff, was in no way considered at the time the release was executed and that the release in matter of fact was intended to and did discharge liability for a property loss as distinguished from workmen's compensation liability."

Affirmed. The case is controlled by *Denton* v. *Utley,* 350 Mich 332. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.