STYLE *v.* GREENSLADE.

1. RELEASE—VALIDITY—CHANCERY CASE—JURY—INSURANCE.

Question of validity of release which plaintiff claims to have been obtained by fraudulent inducement is ordered determined in a chancery suit, the law action against defendant motorist being held in abeyance until determination is had in such chancery suit, rather than have validity of such release determined either by a jury in a separate proceeding or in main action wherein it would inject matter of insurance before jury contrary to statute (CLS 1956, § 500.3030).

2. COSTS—RELEASE.

No costs are allowed in action remanded for preliminary determination of validity of release in a chancery suit before proceeding with main action for damages in which release had been interposed.

Appeal from Wayne; Baum (Victor J.), J. Submitted April 25, 1961. (Calendar No. 48,937.) Decided September 23, 1961.

Case by Marcella Style against John E. Greenslade for personal injuries sustained in automobile collision. Motion to dismiss because of release. Separate jury trial ordered on question of fraudulent procurement of release. Plaintiff appeals. Remanded, with further proceedings stayed until validity of release can be tested in proper chancery action.

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur, Release § § 50–52.
[2] 14 Am Jur, Costs § 91 *et seq.*

*Hugh K. Davidson,* for plaintiff.

*Langs, Molyneaux & Armstrong (Neil A. Patterson,* of counsel), for defendant.

DETHMERS, C. J.  This is a suit to recover damages for personal injuries sustained in an automobile collision.  Defendant filed a motion, supported by affidavits, to dismiss on the ground of settlement and release.  Copy of the release, signed by plaintiff, was attached.  Plaintiff filed counter affidavits alleging that the release was procured from her by the fraudulent inducements and misrepresentations of the agent of defendant's insurer.  Plaintiff's attorney filed an affidavit to show waiver, by defendant or his agent and insurer, of tender of the amount paid plaintiff under the settlement agreement.  Plaintiff demanded jury trial of the factual questions as to fraud in procurement of the release and waiver of tender by defendant.

After hearing on the motion to dismiss, the trial court referred (1) to Michigan Court Rule No 18, § 1(g) (1945), providing for a motion to dismiss on the ground of release, (2) to section 3 of that rule, providing for jury trial of disputed questions of fact involved in connection with a motion to dismiss, and (3) to provisions of CLS 1956, § 500.3030 (Stat Ann 1957 Rev § 24.13030), prohibiting reference to the insurer during trial in cases such as this.  The court thereupon ordered a separate jury trial of the issues of fact raised by the motion and the affidavits supporting and opposing it, listing those issues, and further that, if plaintiff should prevail on those issues, the matter shall thereafter proceed to trial before a new and different jury on the questions of negligence and damages.

Plaintiff appeals, contending she is entitled to have all issues and the entire matter determined in 1 trial

by 1 jury. The trial court's contrary ruling appears to have been based on the view that such procedure, as urged by plaintiff, would result in injecting the matter of insurance into the trial before the jury, contrary to the mentioned statute.

It is to be noted that in her brief plaintiff says:

"She does not claim that her signature was obtained by fraud. (Fraud in the execution.) She claims that she was fraudulently induced to sign it. (Fraud in the inducement.)"

This is, then, not a case of a release which is void from its inception for fraud in its execution, but only voidable if, as claimed, there was fraud in its inducement. Had it been void, plaintiff could have ignored it and proceeded with her law action. *Rood* v. *Midwest Matrix Mart, Inc.,* 350 Mich 559. Being merely voidable, however, what course must plaintiff take to avoid it?

Plaintiff's reliance is largely on *Herbert* v. *Durgis,* 276 Mich 158, as being a case in which all the matters as here involved were handled in the fashion here contended for by plaintiff. She says that all the issues were submitted to 1 jury there, with no disapproval by counsel, the lower court or this Court. That simply means, however, that the question of the propriety of the procedure was neither raised nor considered. That question was and is presented here. *Herbert* v. *Durgis, supra,* is no help on it.

Cases not cited by the parties are *Story* v. *Page,* 280 Mich 34, and *Page* v. *Story,* 280 Mich 43. The former was a law action for fatal injuries sustained by plaintiff's decedent when struck by a truck. The second case was a chancery action brought by defendants in the law action for a declaration of rights under a release and to restrain the law action. In the chancery case this Court, in affirming dismissal of the bill of complaint, said:

"The case at bar involved issues of fact properly triable in the action at law, and the court was right in dismissing the bill."

That statement must be viewed in the light of the fact that in the opinion in the law action, immediately preceding it, this Court had just reversed judgment for plaintiff and remanded the case for entry of judgment for defendants on the ground that releases given to defendants were binding and not procured through fraud, despite an apparently contrary jury view. This Court did not, in the law action, say that the verdict was, in that respect, against the great weight of the evidence and, accordingly, remand it for new trial. On the contrary, it proceeded as if on review of a matter in chancery heard here *de novo,* and said (p 41), with respect to the claim of fraud, "We find that such are not the conditions in this case." Thus having treated the matter as a chancery appeal in the law action, it perhaps did not occur to this Court as being amiss, in the chancery appeal, to hold, in effect, that the disposition of the matter in favor of defendants in the law action had given them all they were entitled to without need for the same relief in the chancery action.

In *Dudex* v. *Sterling Brick Company,* 237 Mich 470, this Court said that a settlement and release of an infant's claim for injuries may not be challenged collaterally for fraud, but may be attacked as unfair or fraudulent in a direct proceeding in equity. It is to be noted, however, that reference was to release and settlement of a minor's claim made by and under an order of the probate court.

Recently this Court held, in *Frazier* v. *Ford Motor Company,* 364 Mich 648, that an arbitration award may not be attacked collaterally, for fraud, in a law action, but only in equity. We there quoted (p 653) from *Palmer* v. *Patrons' Mutual Fire Ins. Co.,* 217 Mich 292, 299, the following:

"In the instant case plaintiff submitted to an award and exhausted that remedy. Leaving the award against him standing, he commenced an action at law in assumpsit to recover on his policy of insurance, and when the award was interposed as a defense sought to attack it collaterally on the ground of fraud. This he may not do. His primary remedy is by direct proceedings against the award in a court of equity where rests special jurisdiction in matters of fraud, accident, mistake, et cetera. * * *

" 'A court of equity cannot abdicate its duty or submit its conscience to what a jury might do in any case, not even that of an individual against a corporation. Under the Constitution and laws of this State, a court of law is not the proper forum to determine whether an award under an arbitration, agreed to by the parties thereto, was corruptly and fraudulently made. Courts of equity alone are clothed with the power to set them aside.' *Michels* v. *Underwriters' Ass'n,* 129 Mich 417, 425."

We think the arbitration cases, limiting attack to direct action in equity, analogous. That was the method pursued with respect to a settlement and release in *Denton* v. *Utley,* 350 Mich 332. In *Hartford Accident & Indemnity Company* v. *Norris,* 363 Mich 279, the same procedure was followed and in this Court's opinion *Denton* v. *Utley, supra,* was cited as controlling. If the release is upheld in the chancery proceeding, that should end the matter. If the release is held invalid, plaintiff may then proceed with her law action involving questions of negligence and damages.

This cause is remanded and further proceedings therein enjoined until plaintiff may bring and have determined an appropriate chancery action in accord herewith. No costs.

CARR, KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.