TRANSAMERICAN FREIGHT LINES, INC., *v.* QUIMBY.

1. WORKMEN'S COMPENSATION—CLAIM AGAINST A THIRD PARTY—SETTLEMENT—RELEASE—STATUTES.

The workmen's compensation act authorizes an employee who is injured during employment by a third-party tort-feasor to settle his claim against the third party as his interest shall appear and to execute a release therefor (CLS 1961, § 413.15).

2. SAME — SETTLEMENT — RELEASE — INSURANCE CARRIER — CLAIM AGAINST THIRD PARTY.

The settlement and release by an employee injured during employment by a third party does not bar an action by the

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 7] 58 Am Jur, Workmen's Compensation § 336.
[2, 3] 58 Am Jur, Workmen's Compensation § 363.
[5, 6] 50 Am Jur, Statutes §§ 217, 358, 362, 363.

employer or its compensation insurance carrier to proceed against the third party as its interest may appear (CLS 1961, § 413.15).

3. RELEASE—WORKMEN'S COMPENSATION—ACTION BY EMPLOYER.

The settlement and release executed by defendant employee injured on the job by a third-party tort-feasor, which specifically provided that neither the claims of the employer nor those of any workmen's compensation insurance carrier against the third party were released, and the damages asserted by defendant employee did not include any amounts recoverable by the plaintiff employer, as his own workmen's compensation insurance carrier, would not bar an action by the employer against the third party (CLS 1961, § 413.15).

4. SAME—SEPARATE CLAIMS—EMPLOYER'S ACTION AGAINST EMPLOYEE.

A release containing a specific provision stating that the claims of the employer or its insurance carrier are not to be affected and listing the claims for which consideration for the release is given is clearly permissible under the workmen's compensation act, and would not entitle employer to recover workmen's compensation payments from the employee and his attorney (CLS 1961, § 413.15).

5. STATUTES—CONSTRUCTION.

Construction of one portion of a statute must be made in relation to the remaining provisions of the act, as all parts must be given force and effect.

6. SAME—CONSTRUCTION—EFFECT MUST BE GIVEN EACH PART.

Construction of a portion of a statute must be made in such a way as to give effect to every part of the act, and one part must not be so construed as to render another part nugatory, or of no effect.

7. APPEAL AND ERROR—WORKMEN'S COMPENSATION—REIMBURSEMENT.

Plaintiff corporation in suit against employee and latter's attorney for reimbursement from a settlement with a third-party tort-feasor for amounts paid to the employee as workmen's compensation benefits and medical expenses *held,* not entitled to be reimbursed for the sums paid out of an agreement which was a settlement of defendant employee's individual claims against a third party and which specifically excludes employer's claims (CLS 1961, § 413.15).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted Division 3 April 7, 1966, at Grand Rapids. (Docket No. 1,250.)   Decided November 22, 1966. Leave to appeal granted by Supreme Court January 24, 1967.   See 378 Mich 748, 381 Mich 149.

Complaint by Transamerican Freight Lines Inc., a Delaware corporation, against Clayton L. Quimby and George L. McCargar, Jr., for reimbursement from funds received by defendant Quimby in settlement of a personal injury claim.   Plaintiff sought to recover sums it had paid defendant Quimby, its employee, for workmen's compensation benefits and for medical expenses.   Defendant McCargar was defendant Quimby's attorney.   Judgment for plaintiff. Defendants appeal.   Reversed.

*Bergstrom, Slykhouse, Shaw, Van Orden, De-Young & Boyles (Richard M. Van Orden, of* counsel), for plaintiff.

*Scholten & Fant (Harvey L. Scholten,* of counsel), for defendants.

FITZGERALD, J.   Appellant, Clayton L. Quimby, an employee of appellee, Transamerican Freight Lines, Inc., was injured while driving a tractor and trailer in the course of his employment.   Subsequently, Quimby started suit against the third-party tortfeasor and notices were duly given thereof as required by statute.   CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189).   Appellee failed to intervene in that suit.   Prior to trial or judgment, Quimby settled his claim for $25,000.   Appellee, as its own compensation insurance carrier, initiated this action against Quimby on the theory that it had a right to the proceeds of settlement for reimbursement of all it had paid out for compensation benefits.

.The trial court granted appellee's motion for summary judgment on the grounds that appellee had a

vested interest in the proceeds paid to Quimby on settlement and further held that since such a vested right existed, Quimby's attorney was also liable in not forwarding to the appellee its "proportionate share" of the settlement.

This suit was commenced pursuant to CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189). The pertinent provisions of the act appear as follows:

"Prior to the entry of judgment, either the employer or his insurance carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"Such settlement and release by the employee shall not be a bar to action by the employer or its compensation insurance carrier to proceed against said third party for any interest or claim it might have.

"In the event the injured employee or his dependents or personal representative shall settle their claim for injury or death, or commence proceeding thereon against the third party before the payment of workmen's compensation, such recovery .or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an

advance payment by the employer on account of any future payment of compensation benefits."

The question presented has not been previously before this Court. The decision in this appeal will be determined by our interpretation of CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189). *Potter* v. *Vetor* (1959), 355 Mich 328, 330, 331. Under the provisions of this act, an employee may settle his claims against a third party as *his interest* shall appear and execute a release therefor.

This settlement and release does not bar an action by the employer or its compensation insurance carrier to proceed against said third party as *its interest* may appear.

The settlement agreement and release as executed by the appellant was in discharge of appellant's individual claims against the third party. This agreement specifically provided that neither the claims of the employer nor any workmen's compensation insurance carrier against this third party were released. The damages asserted by Quimby did not include any amounts recoverable by the employer, as his own compensation insurance carrier, by virtue of the workmen's compensation act.

In a 1961 case, the Supreme Court affirmed a decree of the chancery court which held that a general release given by the injured party did not consider the matter of workmen's compensation payments, thus permitting the compensation insurance carrier to proceed against the third party on a subrogation suit, the release only discharging liability for property loss. *Hartford Accident & Indemnity Company* v. *Norris* (1961), 363 Mich 279. This would substantiate the conclusion that a release which does not include workmen's compensation payments could be executed. Thus, a *specific provision* in a release stating that the claims of the employer or its insur-

ance carrier are not to be affected and listing the claims for which consideration for the release is given would indicate workmen's compensation payments were not included in the settlement. Such a release is clearly permissible under the provisions of the act quoted above.

The employer contends that the act requires reimbursement to be made from "any recovery against the third party for damages resulting from personal injuries". The portion of the act which so states must be interpreted in relation to the remaining provisions of this section. *Melia* v. *Employment Security Commission* (1956), 346 Mich 544. All parts of the specific provision must be given force and effect. In the early case of *People* v. *Burns* (1858), 5 Mich 114, 117 it was said:

"No rule is better settled than, in construing a statute, effect must be given to every part of it. One part must not be so construed as to render another part nugatory, or of no effect."

The interpretation given to the statute by the appellee in the instant case would nullify the section providing for separate settlements and releases of employer or employee claims or interests. If an agreement purporting to be a settlement of one of the party's interest is subject to the claims of another party simply because a recovery against a third party for damages resulting from personal injuries was made, the provision permitting individual settlements would be of no purpose.

Conversely, if a recovery *includes* amounts payable or paid to the employee under the workmen's compensation act, it is to this recovery that the employer or its insurance carrier must look for reimbursement.

The cases cited by Transamerican Freight Lines, Inc., substantiate this point. In a similar situation

cited by appellee, the employer's workmen's compensation carrier paid an amount to plaintiff (employee) as compensation benefits, surgical and medical expenses. *Potter* v. *Vetor, supra.* It also supplied plaintiff's attorneys the results of its investigation and medical reports. A settlement between the third party and plaintiff was reached, and judgment was rendered therefor. The carrier did not participate in the lawsuit, nor in the negotiations between plaintiff and the third party. The Supreme Court held the carrier was entitled to reimbursement for the benefits paid out of settlement. It was not claimed that this settlement was for the employee's claim or interest alone. In fact, it appears the settlement was made with full consideration of benefits paid and the surgical and medical expenses incurred. Thus, the insurance carrier was held entitled to reimbursement from this sum for the amounts paid by it to the employee less recovery fees.

Transamerican Freight Lines, Inc., is not entitled to be reimbursed for the sums paid out of an agreement which was a settlement of its employee's *individual claims* against a third party and which specifically excludes claims of Transamerican. This settlement and release does not bar an action by the employer or its insurance carrier to recover amounts paid under the workmen's compensation act from the third party.

The question of the attorney's personal liability in turning over the amounts recovered to his client without reimbursing the employer need not be considered in light of the above decision which does not recognize any right of the employer to the settlement made by its employee in this case.

Reversed. Costs to appellants.

BURNS, P. J., concurred.

The late Judge WATTS who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.