KROLL v HYSTER COMPANY

1. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—REIM-
   BURSEMENT—EXPENSES—ATTORNEY FEES.

   A workmen's compensation carrier and an employee must each
   bear their proportionate share of the reasonable expenses of
   recovery, which includes attorney fees, where the employee
   covered by workmen's compensation and injured during the
   course of his employment brings suit and recovers or settles his
   claim with a third-party tortfeasor and where the carrier is to
   be reimbursed for workmen's compensation benefits paid to the
   employee prior to the date of recovery (MCLA 481.827[5],
   418.827[6]).

2. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—REIM-
   BURSEMENT—EXPENSES—ATTORNEY FEES.

   The fees of a workmen's compensation carrier's attorney are a
   reasonable cost of recovery where an employee covered by the
   Workmen's Compensation Act and injured during the course of
   his employment institutes suit and recovers or settles his claim
   against a third party causing the injuries and where the
   attorney engaged by the carrier contributes services toward the
   successful result; the attorney representing the carrier is enti-
   tled to be paid for those services out of the settlement or
   judgment obtained against the third-party tortfeasor (MCLA
   418.827[6]).

Appeal from Wayne, Charles S. Farmer, J. Sub-
mitted Division 1 May 16, 1973, at Lansing.
(Docket No. 13887.) Decided August 23, 1973.
Leave to appeal granted, 391 Mich —.

Complaint by Leslie Kroll and Louise Kroll
against Hyster Company and Joseph A. Ratonetti
for damages for personal injuries. Liberty Mutual
Insurance Company intervened as a plaintiff to

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 60, 264.

recoup workmen's compensation benefits it had paid to plaintiffs as a result of the same injuries. Judgment for plaintiffs. Compensation to Liberty Mutual Insurance Company for attorney's services rendered to plaintiff denied. Liberty Mutual Insurance Company appeals. Reversed and remanded with instructions.

*Kelman, Loria, Downing & Schneider,* for plaintiffs Leslie Kroll and Louise Kroll.

*Johnson, Campbell & Moesta,* for intervening plaintiff.

Before: FITZGERALD, P. J., and T. M. BURNS and ADAMS,* JJ.

T. M. BURNS, J. On July 3, 1965, Leslie Kroll was injured and paralyzed from the waist down while operating a forklift truck during the course of his employment. Leslie Kroll, alleging breach of warranty and negligent design, brought suit against the manufacturer of the forklift truck and sought damages of $1,000,000. His wife Louise joined in the suit seeking $750,000 in damages for loss of her husband's services, society, advice, and affection. Subsequently Liberty Mutual Insurance Company, the workmen's compensation carrier for Leslie Kroll's employer, intervened in the suit for the purpose of recouping, from any judgment obtained against the defendants, workmen's compensation benefits it had paid to the plaintiffs prior to the date of recovery. See MCLA 418.827(5); MSA 17.237(827)(5).

After a trial on the merits, the jury awarded Leslie Kroll $85,637.96 and returned a verdict of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

no cause of action on Louise Kroll's claim. Plaintiffs moved for and were granted a new trial. At the conclusion of the second trial, the jury returned a verdict in favor of Leslie and Louise Kroll awarding them $175,000 and $50,000 respectively. The transcript of the first trial was not furnished to us on appeal. However, the record which was transmitted reveals that although Liberty Mutual's attorney was not allowed to .participate in the second trial, he nonetheless remained present at the plaintiffs' counsel table throughout the proceedings.

Defendants satisfied the judgment. The circuit court pursuant to MCLA 418.827; MSA 17.237(827) apportioned the expenses of recovery between the employee and Liberty Mutual and ordered Liberty Mutual reimbursed for the amount of workmen's compensation benefits it had paid to the employee prior to the date of recovery.

In the case at bar there are no questions raised as to either the liability of the defendants (Hyster and Ratonetti) or the amount of damages awarded. The issue on appeal is concerned solely with whether under the applicable statute attorneys for the workmen's compensation carrier are entitled to be compensated out of the judgment obtained against the defendants.

Liberty Mutual alleges that its attorneys contributed substantial services toward the favorable outcome of the employee's suit. From this Liberty Mutual argues that its attorneys are entitled to be compensated for these services out of the judgment obtained against the defendants. The employee takes a contrary position. Both parties seek refuge in the cases of *Horsey v Stone & Webster Engineering Corp* 162 F Supp 649 (WD Mich, 1958); *Potter v Vetor,* 355 Mich 328; 94 NW2d 832 (1959);

and *Banoski v Moto-Crane Service, Inc,* 35 Mich
App 487; 192 NW2d 555 (1971); and MCLA
418.827; MSA 17.237(827), which provides in relevant part:

"Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting
recovery. Attorney fees, unless otherwise argued upon,
shall be divided among the attorneys for the plaintiff as
directed by the court. Expenses of recovery shall be
apportioned by the court between the parties as their
interests appear at the time of the recovery."

In *Horsey,* as here, an employee injured during
the course of his employment and covered by
workmen's compensation brought suit and recovered against a third-party tortfeasor. Counsel for
the employee, relying on that portion of the workmen's compensation act quoted in the preceding
paragraph, argued that the workmen's compensation carrier was responsible for a prorated share of
the attorney fees and expenses of the litigation.
The Federal District Court for the Western District of Michigan agreed and found that the specific language of the statute required all expenses
of recovery including attorney fees to be divided
pro rata between the workmen's compensation
carrier and the injured employee who brought
suit. The court ascertained the carrier's interest in
the suit and assessed the carrier's pro rata share
of expenses for the litigation. Likewise in *Potter*
where the trial court refused to hold the workmen's compensation carrier responsible for a proportionate share of the expenses of a suit between
an injured employee and a third-party tortfeasor,
the Michigan Supreme Court reversed the trial
court's action and reiterated the rule announced
in *Horsey.* Although both *Horsey* and *Potter* stand
for the now well-established proposition that the

workmen's compensation carrier must share the expenses of an injured employee's third-party suit pro rata, neither case touched upon the question which confronts us in the present appeal; namely, whether in addition to the employee's attorney, counsel for the workmen's compensation carrier is entitled to be awarded attorney fees out of the judgment obtained against the third party for services rendered during the suit. Therefore *Horsey* and *Potter* are not controlling in the instant appeal.

Again in *Banoski, supra,* an employee injured during the course of his employment and covered by workmen's compensation brought suit and recovered against a third-party tortfeasor. At trial the employee's attorney moved that the court exclude any reference to compensation payments and that counsel for the carrier take no active part in the trial. The attorney for the carrier consented to both motions, but remained at the employee's counsel table throughout the trial. The jury returned a verdict of $130,000 in favor of the employee. After the attorneys for the employee and the carrier could not agree on the amount of reimbursement for each party, the dispute was submitted to the trial court which ordered the carrier to reimburse the employee's counsel its pro rata share of the attorney fees incurred by the employee. The carrier appealed this decision. Based upon the language of the statute (MCLA 418.827; MSA 17.237[827]), the rule announced in *Horsey* and *Potter,* the lack of any showing of incompetence by the employee's attorney, and the carrier's failure to complain that it was denied the right to participate in the trial, this Court concluded that the trial court did not abuse its discretion by ordering the carrier to pay its pro rata

share of the employee's attorney fees. Judge (now Justice) LEVIN, although agreeing that the carrier should pay its fair share of the reasonable expenses of recovery, dissented explaining that the carrier's attorney rendered valuable services by remaining at the trial to take action, if necessary, to protect the carrier's interest in the outcome of the suit and since by statute the employee and carrier are required to bear a proportionate share of the attorney fees occasioned by the employee's suit, the carrier's attorney was entitled to be compensated out of the judgment obtained against the third party for the services rendered. We find the reasoning of Judge LEVIN's dissent to be persuasive.

Pursuant to the rule announced in *Horsey,* and reaffirmed in *Potter,* it is beyond dispute that under § 6 of MCLA 418.827; MSA 17.237(827), where an employee covered by workmen's compensation and injured during the course of his employment brings suit and recovers or settles his claim with the third-party tortfeasor, the workmen's compensation carrier and the employee must each bear their proportionate share of the reasonable expenses of recovery which includes attorney fees. Moreover § 6 also provides that:

"Attorney fees, unless otherwise agreed upon, shall be divided among the *attorneys* for the plaintiff as directed by the court." (Emphasis added.)

We read the statutory language arrayed above as embracing the attorneys for both the plaintiff-employee and the intervening plaintiff, *i.e.,* the workmen's compensation carrier. It is unlikely that the employee would have "attorneys" prepare the suit and even in the event he employed more than one attorney, the division of counsel fees would be a

personal matter between those attorneys and would not involve the trial court. Moreover, the thrust of § 6 is equitable in nature. That is, from a reading of the statute it is readily apparent that the Legislature sought to insure that neither the employee nor the carrier would benefit from the employee's third-party action without bearing a proportionate share of the costs of the suit. Viewing the statute in this light it would be the antithesis of equity to have the carrier contribute valuable services and time to the success of the employee's lawsuit, charge the carrier for its proportionate share of the employee's expenses of the litigation, but not allow the carrier to be reimbursed in a like manner for the expenses it incurred in helping prosecute the suit to a successful conclusion.

We hold, therefore, that where an employee covered by the provisions of the Workmen's Compensation Act and injured during the course of his employment institutes suit and recovers or settles his claim against the third party causing the injuries and where the attorney engaged by the workmen's compensation carrier contributes services toward the successful result, the fees of the carrier's attorney are a reasonable cost of recovery and the attorney representing the carrier is entitled to be paid for those services out of the settlement or judgment obtained against the third-party tortfeasor.

The employee in contemplation of the holding delineated above argues that the attorney for the carrier did not make any significant contribution to the success of the litigation.

The record, however, belies this contention and reveals that the carrier's attorney filed interrogatories, answered motions, appeared at depositions,

and was on hand at the second trial to protect the carrier's interest. Unfortunately the entire transcript and record of the first and second trial were not reproduced on appeal. Thus it is impossible for this Court to determine the value to be accorded the services performed by the carrier's counsel. Therefore the case is remanded to the trial court for a hearing to determine the monetary value of the services rendered by the carrier's attorney and for the entry of an order consistent with this opinion.

The other issue raised by Liberty Mutual concerning the reasonableness of plaintiffs' attorney fees is without merit.

Reversed and remanded.

All concurred.