GAMBLE v. AMERICAN ASBESTOS
PRODUCTS COMPANY.

OPINION OF THE COURT.

1. WORKMEN'S COMPENSATION—STATUTES—INTENT—ACTION AGAINST
THIRD-PARTY TORT-FEASOR.

Purpose of provision in workmen's compensation act permitting
an employee to sue a third party is to enable the employee to
obtain recovery beyond the amount which can be recovered
under the statute in compensation benefits, and the provision
that it "shall first reimburse the employer or its workmen's
compensation insurance carrier" reveals the legislative intent
that the object of permitting action against the third-party
tort-feasor is, first, to bring about such reimbursement, with
any excess thereafter to go to the employee (CLS 1961,
§ 413.15).

2. SAME — STATUTES — INTENT — JUDGMENT — SETTLEMENT — RE-
IMBURSEMENT OF EMPLOYER OR INSURANCE CARRIER.

Statutory provisions in the workmen's compensation act do not
differentiate between money received by judgment against a
third-party tort-feasor and money received by reason of settle-
ment; hence, any net moneys recovered from third party are to
be applied first to reimburse employer or its insurance carrier
(CLS 1961, § 413.15).

DISSENTING OPINION.

O'HARA, J.

3. WORKMEN'S COMPENSATION—THIRD-PARTY  TORT-FEASOR—ELEC-
TION OF REMEDIES.

*Acceptance of workmen's compensation benefits resulting from an
injury where there was a third-party tort-feasor is not an elec-*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 66, 366.
[3] 58 Am Jur, Workmen's Compensation §§ 65, 66.
[4, 5] 58 Am Jur, Workmen's Compensation § 358 *et seq.*

tion of remedies, and the injured employee may also proceed against the third-party tort-feasor for damages (CL 1948, § 413.15, as amended by PA 1952, No 155).

4. SAME—THIRD-PARTY TORT-FEASOR—ELECTION OF REMEDIES.
    An employer or its insurance carrier may enforce the liability of a third-party tort-feasor in the name of an injured employee if the employee has not begun an action within 1 year, and any party who brings an action against the third-party tort-feasor must notify his employer or employee, the insurance carrier, and the workmen's compensation commission 30 days before beginning an action (CL 1948, § 413.15, as amended by PA 1952, No 155).

5. SAME—THIRD-PARTY TORT-FEASOR—NOTICE OF BEGINNING ACTION.
    The mandatory requirement of notice by any party before bringing action against a third-party tort-feasor for injury to an employee which results in payment of workmen's compensation imports some action on the part of the party notified, the meaning being that he must either join the action or waive his right to share in the recovery (CL 1948, § 413.15, as amended by PA 1952, No 155).

Appeal from Workmen's Compensation Appeal Board. Submitted March 9, 1967. (Calendar No. 15, Docket No. 51,496.) Decided July 20, 1968.

Myrtella Wheeler presented her claim against American Asbestos Products Company, employer, and Michigan State Accident Fund, insurer, for workmen's compensation and was granted award for loss of hand. Claimant subsequently started action against a third-party defendant which was settled and discontinued. On denying defendant's petition to stop compensation referee granted credit to defendant for net sums claimant had received from third-party action settlement. Deanna K. Gamble, administratrix of estate of claimant, substituted as plaintiff during appeal. Order of referee affirmed by appeal board. Court of Appeals denied leave to appeal. On leave granted by Supreme Court, plaintiff appeals. Affirmed.

*Goodman, Eden, Robb, Millender, Goodman &
Bedrosian,* for plaintiff.

*Peter B. Munroe, Richard C. Rogers, Earl A.
Mossner* and *William J. Nelson,* for defendants.

Dethmers, C. J. Plaintiff-appellant states the
question involved in this appeal to be:

"Where an injured employee, admittedly entitled
to weekly workmen's compensation benefits from
the workmen's compensation insurance carrier, set-
tles her claim against an alleged tort-feasor *prior
to the entry of judgment,* executing her individual
release therefor and discontinuing the suit, such re-
lease not being a bar to action by the workmen's
compensation insurance carrier against the third
party for its interest or claim, are the proceeds
thereof to be reimbursed to the workmen's com-
pensation carrier or treated as an advance payment
of workmen's compensation benefits?"

More succinctly stated, appellees put it this way:

"May a compensation carrier treat as a credit
against compensation benefits paid or payable a
settlement achieved by a compensation recipient
against a third-party tort-feasor?"

The parties have stipulated the facts to be, in
part, as follows:

"Paragraph One—On January 26, 1956, the
plaintiff sustained an amputation of the right hand
while employed by the defendant. And the Michigan
State Accident Fund, the insurer of the employer,
voluntarily paid 215 weeks of benefits at the statu-
tory rate of $32 per week.

"Paragraph Two—On January 23, 1961, following
a hearing on plaintiff's application for compensation
benefits on the basis of general disability, the hear-

ing referee entered an order providing for the continued payment of weekly workmen's compensation benefits at the rate of $32 per week for the period following the specific loss period and until the further order of the department which order remains in full force and effect.

"Paragraph Three—Plaintiff herein instituted a third-party suit in the United States district court for the eastern district of Michigan, southern division, against the T. W. and C. D. Sheridan Company alleging negligence in the design and installation of the press on which the plaintiff was injured herein. Notice was given to the defendants herein in accordance with section 15, part 3 of the Michigan workmen's compensation act, CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189).

"Paragraph Four—Defendants herein took no action to join in said suit as a party plaintiff.

"Paragraph Five—In July, 1962, prior to the entry of judgment plaintiff executed a release of her claim against the T. W. and C. D. Sheridan Co., third-party defendant. * * * The said third party case was discontinued in the United States district court and the consideration covered by the release paid simultaneously or very shortly thereafter.

"Paragraph Six—After payment of reasonable costs and attorney fees, the plaintiff received a net recovery of $3,000 from the third-party defendant. The liability in the aforesaid third party case was extremely doubtful, and the settlement was essentially what is determined a nuisance settlement. The damage of the plaintiff had it been possible to establish liability would have been many times the amount of the settlement."

The hearing referee and the appeal board of the workmen's compensation department held that from the proceeds of the settlement received by plaintiff the insurance carrier was entitled to a credit against compensation installments to become due from it to

plaintiff in the future. From this the Court of Appeals denied appeal and the matter is here on leave granted.

Statutory provisions relating to this matter are to be found in CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189), and particularly the following:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the workmen's compensation commission, the injured employee, or in the event of his death, his known dependents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit.

"Prior to the entry of judgment, either the employer or his insurance carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"Such settlement and release by the employee shall not be a bar to action by the employer or its compensation insurance carrier to proceed against said third party for any interest or claim it might have.

"In the event the injured employee or his dependents or personal representative shall settle their claim for injury or death, or commence proceeding thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."

Note is to be taken of the statutory provisions (1) permitting the injured employee, despite his acceptance of compensation benefits or taking proceedings to enforce compensation payments to bring action against a third-party tort-feasor having legal liability for the injury; (2) permitting the employee, prior to the entry of judgment against the third party, to settle his claim as his interest may appear and execute a release therefor; (3) permitting the employer, or its compensation insurance carrier, to proceed against the third party for any interest or

claim it might have, even after the employee has settled with and released the third party; (4) requiring that any moneys recovered from the third party shall be applied as in the act provided; and, finally (5) requiring that any recovery against the third party, after deduction of expenses of recovering, shall be applied first to reimburse the employer or its insurance carrier for workmen's compensation benefits paid by it to the employee, the balance to be paid to the employee and treated as a credit or advance payment on compensation which would otherwise become due the employee in the future.

A plain reading of the above statutory language would seem to indicate clearly the correctness of the holdings of the hearing referee, appeal board and Court of Appeals. Plaintiff contends, however, that such construction of the act would render meaningless (a) the above statutory authorization for the injured employee to settle his claim as his interest shall appear against the third party and execute a release therefor, and (b) the provision that such settlement and release by the employee shall not be a bar to action by the employer or its compensation insurance carrier against the third party. We do not so view it. There is no need to read conflict or contradiction between these two provisions and the one for reimbursement. The legislative intent, in the enactment of these three provisions, would appear to have been to enable the employee to obtain a recovery beyond the amount which can be recovered under the statute in compensation benefits and yet render it impossible for the employee, by settlement and release, to prevent the employer or its insurance carrier from recovering from the third party the amount paid or to be paid employee in compensation benefits beyond the amount of settlement which the employee and third party might have

seen fit to agree upon between them. In other words, the legislative use of the term "shall first reimburse the employer or its workmen's compensation insurance carrier" reveals the legislative intent that the object of the act's permitting action against the third party is, first, to bring about such reimbursement, with any excess thereafter to go to the employee.

Plaintiff says the statutory requirement that the settlement moneys or recovery shall be used to reimburse the insurance carrier refers only to recovery through judgment for the employee in its action against the third party and not to recovery by way of settlement before judgment in such action. We find no language in the statute whatsoever that leads permissibly to such conclusion. In fact, the language that in the event the employee shall settle his claim any money so recovered shall be applied as in the act provided, coupled with the further provision that any such recovery shall first reimburse employer or its insurance carrier, means the very converse.

The statute says the employee may sue, settle with, and release the third party before judgment. The statute also says that any moneys so recovered shall be applied as therein provided, and thereafter provides that any recovery against the third party shall first reimburse the employer and its insurance carrier. We can see no lawful alternative to compliance with the express language of the statute by affirming, as we do, the decisions below.

BLACK, T. M. KAVANAGH, ADAMS, and T. E. BRENNAN, JJ., concurred with DETHMERS, C. J.

O'HARA, J. (*dissenting*). Conceding the correctness of the Chief Justice's opinion under the interpretation accorded the statute thus far, I still am impelled to address myself to one phase of that

interpretation which I believe has been uniformly
incorrect.  In order so to do I must advert to the
amendment to the statute made by Act No 155, PA
1952.[1]  Prior to the adoption of this amendment,
an employee injured under circumstances which
would give rise to a cause of action in his behalf
against a negligent third party, but which was also
compensable under the Michigan workmen's com-
pensation act, was required to elect which remedy
to pursue.  Utilization of one excluded the other.
The amendment provided in part:

"The acceptance of compensation benefits or the
taking of proceedings to enforce compensation pay-
ments shall not act as an election of remedies, but
such injured employee  *  *  *  may also proceed
to enforce the liability of such third party for dam-
ages in accordance with the provisions of this
section."

Concerning the *enforcement* of that liability, the
act recites:

"If the injured employee or his dependents or
personal representative does not commence such
action within 1 year after the occurrence of the
personal injury, then the employer or its compensa-
tion insurance carrier may, within the period of
time for the commencement of actions prescribed
by statute, enforce the liability of such other person
in the name of that person.  Not less than 30 days
before the commencement of suit by *any* party under
this section, such party *shall* notify, by registered
mail at their last known address, the workmen's
compensation commission, the injured employee, or
in the event of his death, his known dependents, or
personal representative or his known next of kin, his
employer and the workmen's compensation insur-
ance carrier.  Any party in interest shall have a
right to join in said suit."  (Emphasis supplied.)

[1] CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189).

This section has been construed since its enactment as permissive only. This is to say, the service of the notice had no particular binding legal effect. Thus construed, what I believe to have been the legislative intent is read out of the statute. It seems to me the words "shall notify" imports some action on the part of the party notified. The only logical action I can conceive is that the party notified must join in the action or waive his right to share in the recovery. Except for this I see no reason for the requirement of notice.

I am well aware that I am vulnerable to the criticism that this issue was not raised on appeal. Certainly under the settled case law it was not an issue. I write this brief opinion to express my view not of what the law is but what I think it ought to be.

I cannot forbear this additional observation. If the legislative intent in amending the act was to give the injured employee an additional basis for recovery, the credit of the recovery against compensation "paid or to be paid" as it has been construed thus far defeats that recovery. The real effect is to constitute the injured workman a collection agency for the employer or insurer. This may have been the legislative intent but I don't think so. I find the statute in its present form, as judicially construed, totally unworkable and self-defeating. This is particularly true because the workmen's compensation department seems not to be empowered to make a finding of a specific money-amount for permanent partial disability. For however long an injured employee draws any amount of compensation, his tort recovery is payable first as reimbursement. I cannot believe this is what the legislature intended. If it did, it certainly did not give the negligently injured party an additional basis for recovery. I am hopeful that if I am completely in error judi-

cially in my position, my expression of that position may avoid legislative acquiescence.

The comparable provision of the Wisconsin workmen's compensation act provides that after the expense of recovery (a euphemism for attorney's fees) the first third of the recovery goes to the injured employee absolutely. Thereafter the recovery is credited to the employer, or his insurer, to the extent of compensation payments made and those payments required to be paid in the future, and the balance over, if any, to the injured employee. Until the "payments to be made" can be ascertained with certainty the employee is constituted a trustee for the duration of the period compensation payments are made to him, with the insurer or employer the beneficiary of the trust.

I repeat that I cannot believe this is what our legislature intended. If it did, I am hopeful that it will review the wording of the statute.

As to decision in this case, I would hold that the failure of the employer and insurer to join in the action after notice constituted a waiver of their right to any part of the employee's recovery.

KELLY, J., took no part in the decision of this case.