ARNETT *v.* GENERAL MOTORS CORPORATION

1. Workmen's Compensation — Election of Remedies — Torts — Third-Party Tortfeasor — Liability — Master and Servant — Insurance — Insurance Carriers — Subrogation.

> Acceptance of workmen's compensation benefits or the initiation of proceedings to enforce compensation payments does not constitute an election of remedies where there is a third-party tortfeasor and if an injured employee, his dependents, or his personal representative does not commence an action against the tortfeasor within one year after the occurrence of his personal injury, the employer or the employer's compensation insurance carrier may proceed to enforce the liability of the third-party tortfeasor (MCLA § 413.15).

2. Workmen's Compensation—Torts—Third-Party Tortfeasor—Insurance Carriers—Settlement—Recovery of Benefits Paid.

> Settlement of a personal injury claim between an injured employee and a third-party tortfeasor does not bar action by the employer or its compensation insurance carrier against that third-party tortfeasor to recover any interest or claim they might have because of compensation payments made to an injured employee (MCLA § 413.15).

3. Workmen's Compensation—Torts—Third-Party Tortfeasor—Settlement—Master and Servant—Insurance—Insurance Carrier—Reimbursement of Benefits Paid.

> An injured employee who is recovering or has received workmen's compensation benefits may sue, settle with, or release a third-party tortfeasor before judgment but where money is recovered from these actions, the third-party tortfeasor must

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation §§ 65, 66.
[2, 3] 58 Am Jur, Workmen's Compensation §§ 66, 336, 363.

first reimburse the employer and its insurance carrier for compensation benefits paid to the injured employee (MCLA § 413.15).

Appeal from Wayne, John M. Wise, J., consolidated with appeal from Oakland, James S. Thorburn, J. Submitted Division 1 February 9, 1970, at Detroit. (Docket Nos. 7,179, 8,227.) Decided March 26, 1970.

Complaints by Kenneth A. Arnett and Mae Ellen Arnett, and by Henry Rutkowski and Lucille Rutkowski against General Motors Corporation for personal injury. Liberty Mutual Insurance Company, a foreign corporation, intervened as plaintiff for reimbursement of workmen's compensation benefits from plaintiff's settlement with defendant. Intervening plaintiff's motion for summary judgment denied in Arnett case in Wayne County circuit court but granted in Rutkowski case in Oakland County circuit court. Cases consolidated for opinion on appeal. Arnett decision reversed; Rutkowski decision affirmed.

*Johnson, Campbell & Moesta,* for intervening plaintiff Liberty Mutual Insurance Company.

*Plunkett, Cooney, Rutt & Peacock (Jeanette A. Paskin* and *Robert W. Gaulet,* of counsel), in Arnett case, (*William Booth,* of counsel), in Rutkowski case, for defendant.

Before: QUINN, P. J., and R. B. BURNS and FITZGERALD, JJ.

Fitzgerald, J. These cases, bearing the identical question for decision, were consolidated for opinion. The Rutkowski case, having been previously dismissed for procedural reasons, was reinstated and will not be dealt with in depth save for the ultimate consideration of the question.

Kenneth Arnett was an employee of J. S. Fredman Construction Company and was injured during the course of his employment at a General Motors plant. Liberty Mutual Insurance Company was the workmen's compensation insurance carrier for the Fredman Construction Company and paid medical expenses and workmen's compensation benefits to and on behalf of the injured employee Kenneth Arnett. Thereafter, Kenneth Arnett and Mae Ellen Arnett began third-party litigation in Wayne County against General Motors Corporation and Liberty Mutual Insurance Company intervened.

Before judgment, plaintiffs Arnett compromised their claim against the defendant. Intervening plaintiff then demanded full reimbursement out of the recovery obtained by plaintiffs.

Intervening plaintiff then made a motion for summary judgment against plaintiffs Arnett and defendant General Motors Corporation, asserting that Liberty Mutual Insurance Company had the right to be reimbursed in full out of the recovery obtained by reason of the third-party settlement. The trial court denied the motion. Thereupon, the intervening plaintiff refused to proceed and the case was dismissed. This appeal followed.

The Rutkowski case, on substantially similar facts, was begun in Oakland County and resulted in a decision directly opposite from Arnett. The Oakland trial court held that Liberty Mutual had a first right to monies paid by defendant. Appeal followed from this decision.

The single issue in these cases is whether the intervening plaintiff may enforce its claim to recover workmen's compensation benefits paid to the injured employee against the settlement made by the plaintiff and defendant.

The question presented calls for determination of legislative intent as expressed in MCLA § 413.15 (Stat Ann 1968 Rev § 17.189), the pertinent part being the first five paragraphs:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the workmen's compensation commission, the injured employee, or in the event of his death, his known dependents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit.

"Prior to the entry of judgment, either the employer or his insurance carrier or the employee or

his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"Such settlement and release by the employee shall not be a bar to action by the employer or its compensation insurance carrier to proceed against said third party for any interest or claim it might have.

"In the event the injured employee or his dependents or personal representative shall settle their claim for injury or death, or commence proceeding thereof against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."

On two recent occasions, the Supreme Court interpreted the foregoing statutory provision. *Gamble v. American Asbestos Products Company* (1968), 381 Mich 105, 112; and *Transamerican Freight Lines, Inc.* v. *Quimby* (1968), 381 Mich 149, 160. In *Gamble,* the court held:

"The statute says the employee may sue, settle with, and release the third party before judgment.

The statute also says that any moneys so recovered shall be applied as therein provided, and thereafter provides that any recovery against the third party shall first reimburse the employer and its insurance carrier. We can see no lawful alternative to compliance with the express language of the statute by affirming, as we do, the decisions below."

In *Transamerican,* the court held:

"The statutory provision allows no alternative other than approving the trial court's order granting summary judgment in favor of plaintiff against defendant Clayton L. Quimby."

The language employed by the Supreme Court is clear. The party that paid the benefit is entitled to reimbursement from *any* recovery against the third party. Whether the party who paid the workmen's compensation benefits intervened is immaterial.

This Court regards *Gamble, supra,* and *Transamerican, supra,* as controlling the case at bar.

Therefore, the intervening plaintiff, Liberty Mutual Insurance Company, may enforce its claim to recover workmen's compensation benefits paid to an injured employee against the settlement made by the plaintiff and the defendant.

The result of the Wayne County circuit court is reversed with costs to appellant and the Oakland County circuit court is affirmed with costs to appellee.

All concurred.