## PETROSIAN *v.* FRIZELL

1. Dismissal and Nonsuit—Intervenor.

    A compensation insurance carrier became a party in a negligence action upon being permitted to intervene, even though it did not file a complaint or an amendment of the original complaint as allowed by the order of intervention and the court rules, and a stipulation of dismissal between the original parties, not signed by the intervenor, was insufficient to dismiss the intervenor's causes of action (GCR 1963, 504.1).

2. Workmen's Compensation—Settlement—Employee's Release.

    A workmen's compensation carrier may have a cause of action against a defendant once a settlement between the plaintiff and the defendant is reached and satisfied since the statute provides that both employer and employee have the right to settle before judgment, that the employee's release shall not be a bar to any action by the employer's insurer, that a settlement or commencement of a suit shall not constitute an election of remedies, and that if the employee settles his claim for injury then any moneys so recovered must be first applied to reimbursement of the employer or insurer (MCLA § 413.15).

3. Workmen's Compensation—Third Party Tortfeasor—Reimbursement.

    The object of the workmen's compensation act provision permitting an action against a third party is, first, to bring about reimbursement of the employer-insurer, with any excess to go to the employee (MCLA § 413.15).

---

### References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation § 368.
[2] 58 Am Jur, Workmen's Compensation § 363.
[3] 58 Am Jur, Workmen's Compensation § 366.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 9, 1970, at Detroit. (Docket No. 7,172.) Decided June 30, 1970.

Complaint by Martin Petrosian against William Frizell and Gloria Frizell for negligence. Reliance Insurance Company, workmen's compensation insurance carrier of Portland Construction Company, Inc., intervened as party plaintiff. An order discontinuing the cause with prejudice was entered pursuant to a stipulation between the original parties. Intervening plaintiff appeals. Reversed and remanded.

*Lowell C. Stelleberger, David H. Williams IV,* and *Joseph F. Walsh, Jr.,* for intervening plaintiff Reliance Insurance Company.

*Plunkett, Cooney, Rutt & Peacock (William D. Booth, of counsel),* for defendants.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY, JR.,* JJ.

PER CURIAM. In his complaint filed May 11, 1966, plaintiff alleged that while working for his employer he was injured due to negligence on the part of the defendants, who had business dealings with the employer. On June 19, 1967, Reliance Insurance Company, plaintiff's employer's workmen's compensation insurance carrier, filed a motion to intervene, supported by affidavit, stating that it had paid plaintiff benefits under the workmen's compensation law and that a claim for further benefits was pending, and asking that it be recognized as a party plaintiff in any settlement or judgment.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In June, 1967, the court entered an order, prepared by counsel, allowing intervention

"in accordance with the statutes of the State of Michigan as set forth in the petition and MGCR * * * said intervenor may have leave * * * to file an amendment to the complaint heretofore filed by the principal plaintiff to be filed within 15 days * * * the intervening plaintiff may participate in this lawsuit to that extent as allowed by the Michigan General Court Rule and the decisions of the courts of this state."

Two days later counsel for the intervening plaintiff filed an appearance and demand for copies of all pleadings.

Although the intervenor had not filed a complaint or an amendment to a complaint, on July 6 it participated in a pre-trial conference.

On February 14 and 15, 1968, pursuant to stipulations by counsel for the original plaintiff and the defendants, and without notice to the intervenor, orders were entered dismissing and discontinuing the case with prejudice.

On January 17, 1969, counsel for the intervenor filed a motion to reinstate the case, stating that the settlement and dismissal had been effected without his knowledge or consent. With its motion it filed a "Bill of Particulars". Defendants resisted this motion, claiming that no notice to the intervenor was necessary.

The circuit court denied the motion to reinstate for the reason that the insurance company, not having complied with court rules and with the terms of the order permitting intervention, never actually intervened or became a party to the suit.

From the order denying reinstatement intervenor appealed. Plaintiff-employee did not file a brief.

In their brief defendants pose the following two questions.

1. *Does an intervening plaintiff who has the permission of the court to intervene become entitled to notice of the proceedings in the case when he has failed to comply with the court's order to file an amended complaint within 15 days?*

Upon the compensation insurance carrier being permitted to intervene it became a party to the litigation. *Hotel Co.* v. *General Casualty & Surety Co.* (1930), 249 Mich 518. Thereafter GCR 1963, 107.1 required that the intervenor be served with a copy of every written paper subsequently filed in the action. No default had been entered against the intervenor as permitted by GCR 1963, 520.1. Not having been signed by all parties, as required by GCR 1963, 504.1(1), the stipulation of dismissal failed to furnish a sufficient basis for the orders of dismissal and discontinuance.

2. *Does the workmen's compensation carrier have a cause of action against the defendant once a settlement between the plaintiff and defendant is reached and satisfied?*

Our Supreme Court has construed those portions of MCLA § 413.15 (Stat Ann 1968 Rev § 17.189) which are here applicable. Paragraphs 2, 3, 4 and 5 provide for settlement. Paragraph 2 provides that both employer and employee have the right to settle before judgment. Paragraph 3 provides the employee's release shall not be a bar to any action by the employer's insurer. Paragraph 4 provides that a settlement or a commencement of suit shall not constitute an election of remedies. Paragraph 5 makes it plain that if the employee settles his claim for injury then any moneys so recovered must be first applied to reimbursement of the employer-insurer. *Transamerican Freight Lines, Inc.,* v.

*Quimby* (1968), 381 Mich 149, 159.  Legislative use of the term "shall first reimburse the employer or its workmen's compensation insurance carrier" reveals the legislative intent that the object of the act's permitting action against the third party is, first, to bring about such reimbursement, with any excess thereafter to go to the employee.  *Gamble* v. *American Asbestos Products Company* (1968), 381 Mich 105, 112; *Arnett* v. *General Motors Corporation* (1970), 22 Mich App 658.

In spite of the settlement and stipulations between the original parties, the intervenor retained its causes of action.  Both the order for dismissal dated February 14, 1968, and the order for discontinuance dated February 15, 1968, are vacated and the case is reinstated.

Reversed and remanded.  Costs to appellant.