BANOSKI *v.* MOTO-CRANE SERVICE, INC.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION — THIRD-PARTY TORTFEASOR — REIM-
   BURSEMENT — EXPENSES — ATTORNEY FEES.

   Reimbursement of a workmen's compensation insurer out of a
   recovery from a third-party tortfeasor must be reduced by
   the insurer's share of the expenses of recovery, including at-
   torney fees (MCLA § 413.15).

2. WORKMEN'S COMPENSATION — THIRD-PARTY TORTFEASOR — REIM-
   BURSEMENT — ATTORNEY FEES.

   Allocating, as an attorney fee, one third of the reimbursement
   of a workmen's compensation insurer out of a recovery by
   an injured workman from a third-party tortfeasor was not
   error where the insurer was an intervening plaintiff in the
   workman's action, but the insurer's attorney did not assist in
   preparing or trying the case.

3. WORKMEN'S COMPENSATION — THIRD-PARTY TORTFEASOR — REIM-
   BURSEMENT — INTEREST.

   A workmen's compensation insurer which is reimbursed out of a
   recovery against a third-party tortfeasor who caused an injury
   to an employee is not entitled to interest on its reimbursement
   share of the total recovery where judgment is entered only
   in favor of the employee (MCLA §§ 413.15, 600.6013).

DISSENT BY LEVIN, J.

4. WORKMEN'S COMPENSATION — THIRD-PARTY TORTFEASOR — REIM-
   BURSEMENT — EXPENSES OF RECOVERY.

   *A workmen's compensation insurer which receives reimbursement
   out of a recovery by an injured workman from a third-party*

REFERENCES FOR POINTS IN HEADNOTES

[1–8, 10] 58 Am Jur, Workmen's Compensation §§ 357 *et seq.*, 543
*et seq.*

Compensation of attorneys for services in connection with claim
under workmen's compensation act.   159 ALR 912.

[9] 45 Am Jur 2d, Interest and Usury § 59 *et seq.*

*tortfeasor has a statutory obligation to share in the expenses
of recovery, and is not relieved of this obligation merely be-
cause it was represented by its own counsel.*

5. WORKMEN'S COMPENSATION — THIRD-PARTY TORTFEASOR — REIM-
BURSEMENT—EXPENSES OF RECOVERY.

> *Reasonable fees paid by a workmen's compensation insurer to a
> lawyer who represents its interest in an action by an injured
> workman against a third-party tortfeasor are a proper part of
> the statutory "expenses of recovery" to be apportioned between
> the insurer and the workman, even where the workman's own
> lawyer takes the leading role in the action (MCLA § 413.15).*

6. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—EXPENSES
OF RECOVERY—REASONABLE EXPENDITURE—APPORTIONMENT—DIS-
CRETION.

> *The aggregate "reasonable expenditure" for expenses of recovery
> in an action by an injured workman to recover for injuries
> from a third-party tortfeasor in which the workmen's com-
> pensation insurer is represented is within the court's discre-
> tion, but they must be allocated in proportion to the relative
> share of the total recovery (MCLA § 413.15).*

7. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—EXPENSES
OF RECOVERY—ATTORNEY FEES—DISCRETION.

> *The discretion of the trial court to determine the aggregate
> reasonable expenditures of recovery in an action by an injured
> workman against a third-party tortfeasor, and to allocate
> the amount among the attorneys for the workman and the work-
> men's compensation insurer, does not confer authority on the
> court to determine the amount actually to be paid to the
> attorneys, which is a matter of agreement between attorney
> and client (MCLA § 413.15).*

8. WORKMEN'S COMPENSATION — THIRD-PARTY TORTFEASOR — SUBRO-
GEES — ATTORNEY AND CLIENT.

> *A workmen's compensation insurer, as a subrogee of an injured
> workman to the extent of compensation paid to the workman
> in an action against a third-party tortfeasor, has interests
> which are not altogether identical to those of the workman,
> and has a right to be represented by separate counsel without
> regard to whether its representation by the workman's at-
> torney is adequate, or an ex post facto determination of
> adequacy; the trial court, in determining the reasonable ex-
> pense of recovery and its division between the parties, does
> not have discretion to deny altogether a share of the reason-*

*able expenditure for attorney fees to the attorney for one of the parties absent a finding supported by the record that the attorney did not render services necessary to the adequate representation of his client (MCLA § 413.15).*

9. JUDGMENT—INTEREST—STATUTES.

*The statute providing for interest on a judgment to be calculated from the date of filing the complaint was intended to accomplish full compensation in every case, and to erase the feeble distinction between liquidated and unliquidated claims (PA 1966, No 276).*

10. WORKMEN'S COMPENSATION — THIRD-PARTY TORTFEASOR — REIMBURSEMENT — INTEREST — STATUTES.

*The legislative purpose in amending the Revised Judicature Act to allow calculation of interest from the date of filing the complaint was that a workmen's compensation insurer being reimbursed out of a recovery by the injured workman against a third-party tortfeasor should share in the prejudgment interest in proportion to its share of the recovery (PA 1966, No 276).*

Appeal from Wayne, George T. Martin, J.   Submitted Division 1 March 9, 1971, at Detroit.   (Docket No. 8927.)   Decided August 24, 1971.   Leave to appeal denied, 387 Mich 755.

Complaint by Alex and Marjorie Banoski against Moto-Crane Service, Inc., and W. H. Anderson, Inc., for damages for injuries suffered by Alex Banoski.   General Accident Fire & Life Insurance Corporation was allowed to intervene as a subrogee as to workmen's compensation benefits.   Verdict and judgment for plaintiffs.   Order made apportioning the amount of judgment between Banoskis and General Accident.   General Accident appeals by leave granted.   Affirmed.

*Martin, Bohall, Joselyn, Halsey & Rowe, P. C.* (by *John R. Mullett*), for plaintiffs Banoski.

*Plunkett, Cooney, Rutt & Peacock* (by *Alvin A. Rutledge*), for intervening plaintiff General Accident Fire & Life Insurance Corporation.

Before: DANHOF, P. J., and McGREGOR and LEVIN, JJ.

McGREGOR, J. Alex Banoski met with a compensable accident in the course of his employment with the Austin Company. General Accident Fire & Life Insurance Corporation, the workmen's compensation carrier for the Austin Company, on its behalf, paid out the sum of $14,080 as a result of said injuries.

Alex Banoski and Marjorie Banoski, his wife, instituted a common-law negligence action against the alleged tortfeasors, Moto-Crane Service, Inc. and W. H. Anderson, Inc. Pursuant to a stipulation with the plaintiffs, General Accident Fire & Life Insurance intervened[1] as a party plaintiff,[2] seeking to recover the workmen's compensation payments made to Alex Banoski.

Prior to trial, Banoskis' attorney moved the court to exclude any reference to compensation payments in the presence of the jury, and further moved that the attorney for General Accident take no active part in the trial and should be introduced to the jury as "of counsel" for the Banoskis. Although the General Accident attorney consented to these motions, he remained present at the counsel table throughout the four days of trial. Banoskis' suit was prepared and tried without any aid or assistance from the attorney for General Accident.

---

[1] MCLA § 413.15 (Stat Ann 1968 Rev § 17.189), since replaced by MCLA 1971 Cum Supp § 418.827 (Stat Ann 1971 Cum Supp § 17.237[827]), effective Dec. 31, 1969. Since the instant case arose prior to this enactment, the discussion will relate to the prior statutes.

[2] Hereinafter designated as "intervening plaintiff".

The jury returned a verdict in favor of Alex Banoski in an amount of $130,000, and in favor of Marjorie Banoski in an amount of $9,000. Judgments in accord with the verdicts were entered, and the attorney for General Accident consented to the entry of said judgments. Only those judgments in favor of the Banoskis were entered.

Subsequently, the attorneys for the Banoskis and General Accident could not agree on the amount of reimbursement for each party, and on October 7, 1969, the plaintiffs' attorney filed a motion to determine the amount of reimbursement due General Accident; said motion was heard by the trial court, which ordered the following:

(a) The total workmen's compensation benefit paid by General Accident Fire & Life Insurance Corporation was $14,080.11.

(b) General Accident Fire & Life Insurance Corporation's share of the expenses of recovery are: (1) one-third contingent attorney fee, amounting to $4,693,[3] and (2) miscellaneous expenses in the amount of $75.90.

(c) Plaintiff Alex Banoski shall reimburse General Accident Fire & Life Insurance Corporation in the amount of $9,311.21; this amount is to be paid after Alex Banoski receives sums satisfying his judgment, with interests and costs.

(d) General Accident Fire & Life Insurance Corporation is not entitled to interest on compensation benefits it has paid.

From these determinations, the intervening plaintiff appeals.

---

[3] The trial court apparently assessed the intervening plaintiff 1/3 of $14,080 which was the amount claimed. If the procedure enunciated in *Horsey* v. *Stone & Webster Engineering Corporation* (WD Mich, 1958), 162 F Supp 649, were used (later referred to in *Mead* v. *Peterson-King Co.* [1970], 24 Mich App 530), the figure would have been $4,680. In any event, the difference is *"de minimis"*.

Initially, the intervening plaintiff contends that the trial court erred reversibly by requiring it to reimburse plaintiffs' attorney for its *pro rata* share of attorney fees. The applicable statute governing this issue reads:

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.

"Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery." MCLA § 413.15 (Stat Ann 1968 Rev § 17.189).

The general rule in regard to sharing attorney fees, as stated by 2 Larson, Workmen's Compensation Law, § 74.32, p 226.118, is that, if the sum recovered by the employee is more than enough to pay attorney's fees and reimburse the carrier, the carrier is reimbursed in full, and, apart from special statutes on sharing attorney fees, is not required to share the legal expenses involved in effectuating

recovery. It is also noted that a considerable number of statutes exist which state that, if suit is brought or recovery is effected by the employee, the carrier is obliged to pay a portion of the attorney's fee out of his share, usually in proporation to his share of the recovery.

The primary Michigan case which has interpreted the above statutory provision was *Potter* v. *Vetor* (1959), 355 Mich 328; also *Horsey* v. *Stone & Webster Engineering Corporation* (WD Mich, 1958), 162 F Supp 649. In *Potter,* plaintiff was injured by a third-party tortfeasor, and the employer, through its compensation carrier, made payments therefor. Subsequently, plaintiff instituted a lawsuit in circuit court and the carrier supplied plaintiff's attorney with the results of its investigation and medical reports. Thereafter, a settlement was reached and a judgment was entered therefor. It was noted that the carrier did not participate in the lawsuit, nor in the negotiations between plaintiff and the third-party defendant's counsel. Plaintiff appealed the trial court's ruling that the carrier should recover the full amount of its payments without being required to pay part of the expenses incurred by plaintiff in the circuit court law action.

The Supreme Court stated that MCLA § 413.15 used unambiguous language in providing that

"expenses of recovery shall be reasonable expenditures, including attorney fees, incurred in effecting such recovery,"

and that these expenses of recovery

"shall be apportioned by the court between the parties as their interests appear at the time of said recovery." *Potter* v. *Vetor, supra,* 331, 332.

The Court then concluded that the trial court erred in ruling that the carrier should recover the full amount of its payment without sharing its part of the expenses incurred in the circuit court action.

In *Potter, supra* and in *Horsey, supra,* the carriers did not, prior to judgment, participate in the plaintiff's lawsuit, nor in the negotiations between plaintiff and the third-party tortfeasor. The carriers in both cases were required to pay for their proportionate share of expenses of recovery, including attorney's fees. In the instant case, although the carrier did intervene,[4] the carrier's attorney did not assist plaintiff's attorney in this cause. Furthermore, the carrier agreed not to participate in the trial of this cause. No claim was made that plaintiffs' attorney would not or did not adequately represent the carrier's interests at the trial,[5] nor does the carrier now complain that it was denied the right to participate. We find that the trial judge did not abuse his discretion in requiring the carrier to bear its *pro rata* share of the expenses.

The carrier also claims that it is entitled to interest on its share of the recovery. Plaintiffs contend that, inasmuch as no money judgment was entered in favor of the compensation carrier (the

[4] Although MCLA § 413.15 allows intervention by an employer or his insurance carrier, the nature and scope of such intervention is not clearly defined. *Harrison* v. *Ford Motor Company* (1963), 370 Mich 683; *Harris* v. *General Coach Works* (ED Mich, 1964), 37 FRD 343. Our Supreme Court said, in regard to the legislature's failure to define the intervening plaintiff's rights: "Undoubtedly an appreciation thereof accounts for the failure of the legislature, in providing for the insurer's 'right to join in said suit,' to specify that it should, in all events, be as a party plaintiff or that, as such, it should have the right to participate as party plaintiff with the plaintiff employee in the trial of the case." *Harrison* v. *Ford Motor Co., supra,* 688.

[5] Right to Recovery by employer or carrier from monies received by employee from settlement before judgment, *Transamerican Freight Lines, Inc.,* v. *Quimby* (1968), 381 Mich 149; *Arnett* v. *General Motors Corporation* (1970), 22 Mich App 658; See *Gamble* v. *American Asbestos Products Company* (1968), 381 Mich 105.

judgment entered in this matter was in favor of Alex Banoski), and that, since the carrier consented to the entry of the judgment, it is not entitled to any interest. The applicable statute provides, in pertinent part:

"Interest shall be allowed on any money judgment recovered in a civil action   *   *   *." MCLA § 600.6013 (Stat Ann 1971 Cum Supp § 27A.6013).

In view of the fact that the aforementioned statute is remedial in nature and is in derogation of the common law, it must be strictly construed. *Motyka* v. *Detroit, G. H. & M. R. Co.* (1932), 260 Mich 396; *Swift* v. *Dodson* (1967), 6 Mich App 480.

Since the judgment was entered in favor of plaintiff Alex Banoski, the carrier does not fall within the ambit of the statute.

Affirmed. Costs to appellee.

LEVIN, J. (*dissenting*). I would remand for a determination by the trial court of a "reasonable expenditure" for attorney fees for the attorney representing the injured employee *and* for the attorney representing the subrogee (which could be less, more, or the same as the one-third contingent fee the injured employee agreed to pay his attorney), and for a division of the amount so determined between the two attorneys.

The subrogee is entitled to that portion of the interest paid by the third-party tortfeasor allocable to the subrogee's share of the recovery.

I.

After Alex Banoski, the injured employee, and his wife, Marjorie, commenced this action against the third-party tortfeasor, leave to intervene was granted to General Accident Fire & Life Insurance

Corporation, the workmen's compensation insurance carrier of Alex Banoski's employer. Thereupon, General Accident became a party to this litigation.[1]

General Accident, as the employer's workmen's compensation insurer, enjoys statutory rights of subrogation under Part III, § 15 of the Workmen's Compensation Act.[2] Under the provisions of § 15, any recovery, whether by settlement[3] or pursuant to a judgment "for damages  *  *  *  , after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative".

## II.

I agree with the majority that General Accident is obliged to share in the payment of Banoski's attorney's fees. Merely because General Accident was represented by its own counsel does not relieve

---

[1] *Petrosian* v. *Frizell* (1970), 25 Mich App 141.

[2] MCLA § 413.15 (Stat Ann 1968 Rev § 17.189). The Workmen's Compensation Act in effect when Banoski was injured and this action against the third-party tortfeasor was commenced and tried was repealed and replaced by the Workmen's Compensation Act of 1969, PA 1969, No 317. The substance of Part III, § 15 of the former act is now § 827 of the 1969 act, see MCLA § 418.827 (Stat Ann 1971 Cum Supp § 17.237[827]).

[3] See *Gamble* v. *American Asbestos Products Company* (1968), 381 Mich 105; *Transamerican Freight Lines, Inc.* v. *Quimby* (1968), 381 Mich 149.

In *Modeen* v. *Consumers Power Company* (1971), 384 Mich 354, the Michigan Supreme Court held that where an injured employee and his employer agree upon a settlement with a third-party tortfeasor of their claim against him and agree upon an apportionment of the "expenses of recovery" the employer cannot thereafter be required to respond for an additional portion of the employee's expenses of recovery by requiring the employer to pay to the employee the amount of the expenses of recovery attributable to future workmen's compensation benefits which would thereafter become payable if the employer were not relieved of payment by reason of the employee's recovery from the third-party tortfeasor.

it of the statutory obligation recognized in *Potter v. Vetor* (1959), 355 Mich 328, to share the "expenses of recovery" of any amount recovered from the third-party tortfeasor.

Under the statute, as construed in *Potter,* the amount of the recovery payable to the subrogee is to be reduced by a *pro rata* portion of the reasonable expenses or expenditures of recovery, including attorney fees.[4]

## III.

I disagree with the majority's holding affirming the trial court's decision that no part of the reasonable expenditure for attorney fees determined by the court is payable to General Accident's lawyer.

While it is arguable that a fee payable to a lawyer representing a subrogee in a case where the injured employee's attorney takes the leading role is not an expense of "recovery" because the same judgment would have been obtained against the third-party tortfeasor—and thus the same "recovery"—even if no lawyer entered an appearance for the subrogee, I am satisfied that the term "expenses of recovery" cannot properly be read in that narrow sense.

Manifestly, General Accident had a substantial interest in the outcome of the action commenced by the Banoskis and was entitled to be represented by counsel. It was not obliged to rely on the Banoskis' lawyer to protect its interests. From General Accident's point of view, the fees paid to its lawyer are an expense of recovery.

Section 15 provides:

"Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in

---

[4] See *Horsey* v. *Stone & Webster Engineering Corporation* (WD Mich, 1958), 162 F Supp 649, 654; *Mead* v. *Peterson-King Co.* (1970), 24 Mich App 530, 535, n 6.

effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery."

While an injured employee might be represented by more than one attorney, it is perfectly clear that the legislative provision for the possibility that there would be more than one attorney representing the "plaintiff" was made primarily to cover the situation with which we are now confronted, a case where different *parties* are represented by different attorneys and their interests are competitive. As stated by the Supreme Court in *Potter* v. *Vetor, supra,* p 332: "Who were the parties at the time of recovery? There can be but one answer: namely, plaintiff [the injured employee] and the insurance carrier".

Under § 15 the trial court has the duty of determining the aggregate amount of attorneys' fees which will be treated as a reasonable expenditure incurred in effecting a recovery and of dividing that amount among the attorneys for the "plaintiff". In this case, the Banoskis had agreed that their attorney would receive a contingent fee of one third of any recovery. The amount allowed by the court as the aggregate reasonable expenditure for attorney's fees might be the one-third contingent fee agreed upon or an amount more or less than the agreed contingent fee. The agreement of one of the parties and his attorney as to the amount of the attorney's fee does not limit the court's authority and responsibility to determine the amount that will be allowed as the shareable "reasonable expenditure" for attorney fees in a case such as this where the expenses

of recovery are to be shared between competing parties.

Whether the amount so allowed by the court limits the amount recoverable by the attorneys from their clients is an entirely different question. I am inclined to the view that § 15 establishes the means of determining what constitutes a reasonable expenditure only for the purpose of determining the amount of the expenditures for attorney fees to be shared between an injured employee and his subrogee, and that it does not confer on the court the authority to set an attorney's fee between attorney and client. The court's prerogative under § 15 then is only to determine what shall constitute the aggregate "reasonable expenditure" for attorney fees to be shared by the attorneys of competing parties and, once such aggregate amount is determined, to allocate and divide the amount among the attorneys.

Clearly, in this case the attorney representing the injured employee played the leading role in the preparation and prosecution of this action to a successful conclusion and is, therefore, entitled to by far the largest portion of whatever amount is determined to be the reasonable expenditure for attorney fees.

The majority write that "no claim was made that the plaintiffs' attorney would not or did not adequately represent the carrier's interest at the trial". A subrogee's right to be represented by separate counsel does not depend on whether the employee's attorney is adequate, or upon an *ex post facto* determination of the adequacy of the employee's attorney's representation of the subrogee's interests.

While the litigation interests of an injured employee and of his subrogee in respect to a third-party tortfeasor are perhaps identical, their interests are

not altogether identical and the subrogee needs separate representation.

General Accident's cause of action against the third-party tortfeasor was tried as well as the Banoskis' action. While in this case the bulk of the recovery will go to the Banoskis and their attorney, in other cases the bulk of the recovery will go to the subrogee and its attorney.

The need for separate representation by different attorneys of the employee and of the subrogee would be more apparent if this case had been settled, or if the jury verdict was for an amount closer to the amount which the subrogee is entitled to retain. Until the jury's verdict was announced in this case, the judgment on the verdict was entered and the time for appeal had expired, it did not become finally established that the bulk of the recovery would belong to the Banoskis rather than the subrogee.

Where an action against a third-party tortfeasor is brought by an injured employee, his subrogee has the right to have its attorney in the courtroom observing the proceedings, playing such role as he thinks his client's interests require. In many cases, that role will be to remain silent and to allow a competent attorney representing the injured employee to present the plaintiff's case without interference. In another, the subrogee's attorney may conclude that he should play a more active role. That is a decision which he, as the representative of his client's interests, must make.

The trial court's judgment cannot be affirmed on the basis that the matter resides in its discretion. While great deference will, no doubt, be paid to a trial judge's determination of the amount which is reasonable and to the division of that amount, he does not enjoy discretion to deny altogether a share

of the "reasonable expenditure" for attorney fees to the attorney for one of the parties absent a finding and a record supporting such a finding that the attorney did not render services necessary to the adequate representation of his client.

## IV.

I also disagree with the majority's holding affirming the trial court's decision that all the prejudgment interest, including the portion allocable to the subrogee's share of the recovery, should be paid to the injured employee.

When § 15 was enacted, prejudgment interest was not, as a general proposition, recoverable in an action for personal injuries against a tortfeasor.[5] Reading § 15 in that setting, I agree with the majority that the Legislature did not intend that prejudgment interest would be paid under § 15 as part of the "first reimbursement" to the subrogee out of whatever amount is recovered by an injured employee from a third-party tortfeasor.[6]

Prejudgment interest is now recoverable by injured persons in actions against tortfeasors as a result of a 1965 amendment of § 6013 of the Revised Judicature Act. Whereas formerly the act provided for interest calculated from the date of judgment, under the amended act "interest shall

[5] 22 Am Jur 2d, Damages, § 191, p 269. That unliquidated claims do not bear interest, see *Amluxen* v. *Eugene J. Stephenson, Inc.* (1954), 340 Mich 273, 275; *Fitzpatrick* v. *Ritzenhein* (1962), 367 Mich 326, 333, 334. But see *Cree Coach Company* v. *Wolverine Insurance Company* (1962), 366 Mich 449, 461. See, generally, *Banish* v. *City of Hamtramck* (1968), 9 Mich App 381, 395.

[6] Moreover, prejudgment interest was not then an "amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort." Additionally, prejudgment interest would not be an amount "paid or payable" to the employee by the employer or his insurer. The quoted words are from § 15, see MCLA § 413.15 (Stat Ann 1958 Rev § 17.189).

be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint".[7]

In my opinion, the question presented does not require so much a construction of § 15 of the Workmen's Compensation Act as it does a construction of the 1965 amendment of § 6013 of the Revised Judicature Act.

Prejudgment interest, whether paid pursuant to a statutory directive or added apart from a statute as part of the damages, is allowed in order to accomplish full compensation.[8] In directing that in all civil actions interest shall be allowed on any money judgment, the Legislature sought to erase the feeble distinction between liquidated and unliquidated claims so that more adequate compensation would be paid, so that damages (interest) for the delay in payment would be paid in every case.

Having in mind that legislative purpose and the function of prejudgment interest, it does not make sense to allow the employee to retain the interest included in the judgment in respect to the portion of the award allocable and belonging to the subrogee.[9] The construction for which the majority write denies the subrogee the full compensation

[7] PA 1965, No 240, and PA 1966, No 276, amending § 6013 of the Revised Judicature Act, MCLA § 600.6013 (Stat Ann 1971 Cum Supp § 27A.6013). Interest is to be computed at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest.

[8] See *Banish* v. *City of Hamtramck, supra,* p 397.

[9] The general rule is that a subrogee is entitled to recover interest in addition to the principal sum. 50 Am Jur, Subrogation, § 121, p 761. However, the cases cited in American Jurisprudence are distinguishable factually from the present case in that here the right of subrogation is neither legal (based on equitable or common-law principles) nor conventional (based on a convention or agreement entered into by the parties), but, rather, arises as the result of a mandate of the Legislature. Nevertheless, it is not totally without significance that as a general proposition a subrogee recovers interest.

which the Legislature sought to achieve when it amended RJA § 6013, and grants to the employee interest on the portion of the judgment which is payable to the subrogee. I do not think that we can properly impute such an intention to the Legislature. No doubt, the Legislature intended that prejudgment interest would be paid to the parties in interest as their interest shall appear.

It is of no significance that the judgment was entered in favor of Alex and Marjorie Banoski and that General Accident is not named in the judgment, or that its attorney consented to the entry of the judgment in that form. The judgment was entered in the interest of the subrogee as well as in the interest of the injured employee.

The subrogee was not named in the judgment because the subrogee's interest was not made known to the jury and the jury's verdict named only the Banoskis.[10]

General Accident, in consenting to the entry of the judgment, did not enter into a settlement of a then nonexistent controversy concerning prejudgment interest; no consideration was paid to General Accident for its consent. The question of its right to interest should depend on the substance, not the form of the matter. If, as I would hold, General Accident is entitled to interest, then interest should be allowed without regard to whether the dispute over interest came to light before or after the entry of the judgment on the jury's verdict.

---

[10] The Banoskis' attorney moved the court before the trial to exclude any reference in the presence of the jury to the workmen's compensation payments or to the fact that an insurance company had an interest in the proceeds of any judgment. The motion was granted. The jury, unaware of General Accident's interest, made no mention of General Accident in rendering its verdict and, accordingly, the judgment on the verdict was likewise silent as to its interest.

General Accident is entitled to that portion of the interest allocable to its share of the recovery determined before reduction on account of the expenses of recovery.

