**COMMERCIAL UNION INSURANCE CO., a Massachusetts Corporation, Plaintiff,**

v.

**Dominick BAIO, Anna P. Baio and Victor F. Battaglia, Defendants.**

Superior Court of Delaware, New Castle County.

Submitted March 29, 1978.

Decided June 20, 1978.

B. Wilson Redfearn and John A. Elzufon of Tybout & Redfearn, Wilmington, for plaintiff.

Victor F. Battaglia and Robert K. Beste, Jr. of Biggs & Battaglia, Wilmington, for defendants.

LONGOBARDI, Judge.

Following an industrial accident in May, 1972, Defendant Dominick Baio ("Baio") received over $8,000 in workmen's compensation benefits from Plaintiff Commercial Union Insurance Company ("Commercial Union"). Baio filed an action against Ran-

kin Development Co. and DiSabatino Brothers, Inc. alleging that their negligence was the cause of his injuries. As a result of that suit, Baio recovered $175,000 from DiSabatino Brothers for himself and his wife. Pursuant to the provisions of the Delaware Workmen's Compensation laws, Commercial Union had asserted a lien on any proceeds recovered by Baio. When Commercial Union attempted to collect the $8,000 owed to them, the attorney for the Baios refused to pay over the total amount of the lien alleging that Commercial Union should be responsible for a pro rata share of the attorney's fees for the Baios' attorney. Commercial Union argues that it is entitled to receive payment of the total amount of its lien. Both parties have moved for summary judgment.

The narrow issue presented to the Court is whether the Workmen's Compensation carrier, Commercial Union, is entitled to recover the total amount of its lien or whether the lien should be decreased by an amount representing the carrier's pro rata share of the attorney's fees. The pertinent statutory provisions are 19 *Del.C.* 2363(e) and (f) which read:

"(e) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action for tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting the expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to the date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any further payment of compensation benefits."

Subsection (f) of that statute defines the term "expenses of recovery" as:

". . . the reasonable expenditures, including attorney fees, incurred in ef-

fecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery."

These sections have been interpreted by the Delaware Supreme Court in *Cannon v. Container Corporation of America*, Del. Supr., 282 A.2d 614 (1971). In that case, the action was commenced by the insurance company with an attorney representing the claimant's interests entering the case some eighteen months later. The issue before the Supreme Court was the apportionment of the attorney's fees but, in determining that issue, the court did discuss the amount of the lien that the workmen's compensation carrier should recover. The court specifically rejected the argument that the carrier should pay a pro rata share of the attorney's fees out of the lien itself. In reaching that conclusion, the court examined the statutory language set out above and the general rule as explained in 2A *Larson's Workmen's Compensation*, Section 74.32 that:

"Usually attorney's fees and expenses are deducted both in priority to the employer's lien on the employee's recovery and before there is any excess for the employee in the employer's recovery. If the sum recovered by the employee is more than enough to pay the attorney's fees and reimburse the carrier, the carrier is reimbursed in full, and, apart from special statutes on sharing attorney's fees, is not required to share the legal expenses involved in obtaining the recovery. In other words, under the usual provision, the legal expenses will diminish the overall sum to which the insurer's claim attaches; but if it is possible to do so within that fund as diminished the insurer is entitled to be reimbursed in full."

The Supreme Court pointed out that claimant's argument that the insurance carrier should pay a pro rata share of the attorney's fees out of its lien was not in accord

with the general rule. Thus, the court ruled that the carrier should receive the full amount of his lien.

Baio argues that this Court should look to the decisions of the Michigan courts interpreting their workmen's compensation law. The Michigan statute is identical to the Delaware statute and it has been interpreted on several occasions. *Horsey v. Stone & Webster Engineering Corporation*, 162 F.Supp. 649 (W.D.Mich., 1958); *Potter v. Vetor*, 355 Mich. 328, 94 N.W.2d 832 (1959) and *Banoski v. Motor Crane Service, Inc.*, 35 Mich.App. 487, 192 N.W.2d 555 (1971). The Michigan courts have held that their statute dealing with apportionment of attorney's fees is representative of those special statutory provisions on sharing referred to in *Larson*, supra, and have allowed attorney's fees to be deducted from the carrier's subrogated claim. On the other hand, the Delaware Courts have indicated the same specific language is not evidence of a "special statute" on sharing attorney's fees, *Larson*, supra, and, therefore, the carrier is to be reimbursed the full amount of his subrogated lien in full. *Cannon*, supra, at 616. This Court feels constrained to adopt the reasoning of the Delaware Supreme Court while feeling sympathetic to the Michigan interpretations. The attorney's fees shall be taken from the full recovery with Commercial Union receiving the full amount of its lien. The excess will then be paid over to Baio. Accordingly, Commercial Union's motion for summary judgment is granted.

IT IS SO ORDERED.